UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 4:10-cr-437 |
| Plaintiff, | : | |
| v. | : | OPINION & ORDER |
| | : | [Resolving Doc. 53] |
| KEVIN L. HARRIS, | : | |
| Defendant. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Kevin L. Harris has filed a motion to reduce or modify his terms of supervised release and sentence under 18 U.S.C. §§ 3582(c)(1)(A)(i), 3582(c)(2), 3553(a), 3583(b); Federal Rule of Criminal Procedure 45(b)(1)(B); Setser v. United States, __ U.S. __, 132 S. Ct. 1463 (2012); Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015); Welch v. United States, __ U.S. __, 136 S. Ct. 1257 (2016); 28 U.S.C. § 2072(b); and 42 U.S.C. § 1988.[1]

For the following reasons, the Court **DENIES** Defendant Harris' motion.

## I. Background

Defendant Harris pleaded guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 371 and 1343; wire fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1343 and 2; and money laundering and aiding and abetting, in violation of 18 U.S.C. §§ 1957 and 2.[2]

This Court sentenced Harris to 60 months custody as to Count 1 and 87 months custody as to Counts 2 and 3, to be followed by three years of supervised release, with $15,776,617.91 in restitution, and a $300 special assessment.[3]

---

[1] Doc. 53. The Government opposes. Doc. 54.
[2] Doc. 16.
[3] Doc. 32. Judge Wells presided.

Case No. 4:10-cr-437
Gwin, J.

## II. Legal Standard

Pursuant to 18 U.S.C. § 3582(c), a district court may modify a sentence only under certain limited circumstances. Specifically, § 3582(c) establishes that the "court may not modify a term of imprisonment once it has been imposed" except in the following relevant circumstances:

> (1) in any case-
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, . . . after considering the factors set forth in Section 3553(a) to the extent that they are applicable, if it finds that-
>>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age . . . ; and
>>
>> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure . . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[4]

## III. Discussion

*a. 18 U.S.C. § 3582(c)(1)(a)(i)*

Title 18 United States Code, Section 3582(c)(1)(A)(i) provides relief from judgment for "extraordinary and compelling reasons" based "upon motion of the Director of the Bureau of Prisons." Here, the Bureau of Prisons has not filed a motion on behalf of Defendant Harris. Accordingly, this Court **DENIES** Harris' motion under 18 U.S.C. § 3582(c)(1)(A)(i).

---

[4] 18 U.S.C. § 3582(c)(2).

Case No. 4:10-cr-437
Gwin, J.

  b. *18 U.S.C. § 3582(c)(2)*

The Court has limited authority under 18 U.S.C. § 3582 to reduce a previously imposed sentence.

Section 3582(c)(2) authorizes the Court to reduce Harris' sentence only if (1) that sentence is "based on a sentencing range that has subsequently been lowered" and (2) "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[5]

The Court lacks authority under § 3582(c)(2) to grant Harris' requested reduction because his sentence was not *"based on* a sentencing range that has subsequently been lowered."[6]

Harris is incorrect that Amendments 782, 787, and 789 render him eligible for a reduced sentence or a reduced period of supervised release.[7] First, Amendment 782 revises the Drug Quantity Table and chemical quantity table across drug and chemical types. Because Harris was not charged with any drug or chemical crimes, Amendment 782 does not apply.

Second, Amendment 787 addresses certain cases where a defendant is subject to another term of imprisonment, such as an undischarged term of imprisonment or an anticipated term of imprisonment. Harris was not subject to another term of imprisonment.[8]

Third, Amendment 789 makes technical and clerical changes to the Introduction and the Commentary of the *Guidelines Manual*. The changes have no effect on Harris' sentence.

Harris' sentencing range did not rest on a Guidelines range that has been amended and made retroactively applicable.[9] Therefore, Harris is not eligible for a sentence reduction because there has been no change to his total offense level.

---

[5] *Id.*
[6] *Id.* (emphasis added).
[7] Doc. 53 at 2.
[8] *See* Presentence Investigation Report.

-3-

Case No. 4:10-cr-437
Gwin, J.

Accordingly, this Court **DENIES** Harris' motion under 18 U.S.C. § 3582(c).

c. *18 U.S.C. § 3553(a)*

Harris is not entitled to relief under 18 U.S.C. § 3553(a). Section 3553(a) offers no means to seek relief from a sentence.

Additionally, Harris makes no claim in his motion that the Court violated § 3553(a). Accordingly, this Court **DENIES** Harris' motion under 18 U.S.C. § 3553(a).

d. *18 U.S.C. § 3585(b)*

Under 18 U.S.C. § 3583(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences."

Harris argues that this Court should reduce his sentence or supervised release to reflect credit for his time served. Harris says, "To the extent any Pretrial Detention under Enlarged conditions . . . was applied to me but was counted against my [Bureau of Prisons] sentence . . . I would ask at this time that the Court take such steps to apply nunc pro tunc Redesignation."[10]

Harris' argument loses. Harris does not specify a time period for which he should be credited. Furthermore, calculating credit for time served is the responsibility of the Attorney

---

[9] *See United States v. Perdue*, 572 F.3d 288, 292-93 (6th Cir. 2009) (where the application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur), *cert. denied* 559 U.S. 951 (2010). Harris' sentencing range was calculated by the base offense level for his three convictions, special offense characteristics—amount of loss, number of victims, and money laundering—and a reduction for substantial assistance. *See* Doc. 31; Presentence Investigation Report.

[10] Doc. 53 at 2.

-4-

Case No. 4:10-cr-437
Gwin, J.

General, through the Bureau of Prisons.[11] Therefore, this Court is not authorized to compute the credit.[12]

    *e. Federal Rule of Criminal Procedure 45(b)(1)(B)*

Federal Rule of Criminal Procedure 45(b)(1)(B) allows courts to permit delayed filing of a motion based upon "excusable neglect." Harris provides no basis for his claim under Rule 45(b)(1)(B). Accordingly, this Court **DENIES** Harris' motion under Rule 45(b)(1)(B).

    *f.* Setser*, Johnson, and* Welch

Harris seeks relief under *Setser v. United States*, __ U.S. __, 132 S. Ct. 1463 (2012), *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), and *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016).[13]

Harris is not entitled to relief under any of these cases. *Setser* held that "a district court has the discretion to order that a federal sentence run consecutively to an anticipated state sentence that has not yet been imposed."[14] However, Harris does not have a current or anticipated state sentence. *Johnson* and *Welch* involve the invalidation of the Armed Career Criminals Act's residual clause. Harris was not convicted as a felon in possession of a firearm, and the sentencing court did not consider his predicate offenses.[15] Therefore, the Court **DENIES** Harris' motion under *Setser*, *Johnson*, and *Welch*.[16]

---

[11] *See United States v. Wilson*, 503 U.S. 329, 335 (1992) ("Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.").
    Additionally, at sentencing, Judge Wells did not recommend designating credit for time served. *See* Doc. 31.

[12] Harris may present his request to the Bureau of Prisons.

[13] Doc. 53 at 2-3.

[14] *Setser*, 132 S. Ct. 1463.

[15] The Court did consider Harris' six adult convictions—including two felonies—but those convictions do not implicate 18 U.S.C. §924(e)(2)(B), which was at issue in *Johnson* and *Welch*, or the related U.S.S.G. § 4B1.1. *See* Doc. 31 at 54.

[16] The Government responds that Harris' claims are more properly presented as a motion to vacate under 28 U.S.C. § 2255. Doc. 54 at 5.

-5-

Case No. 4:10-cr-437
Gwin, J.

    *g. 28 U.S.C. § 2072(b) and 42 U.S.C. § 1988*

Harris provides no basis for a claim under either 28 U.S.C. § 2072(b) or 42 U.S.C. § 1988. Accordingly, this Court **DENIES** Harris' motion under both 28 U.S.C. § 2072(b) or 42 U.S.C. § 1988.[17]

### IV. Conclusion

For the reasons above, the Court **DENIES** Defendant Harris' motion.

IT IS SO ORDERED.

Dated: July 20, 2016                                 *s/    James S. Gwin*
                                                                       JAMES S. GWIN
                                                                       UNITED STATES DISTRICT JUDGE

---

[17] 28 U.S.C. § 2072 is the Rules Enabling Act that grants the Supreme Court the power to prescribe rules. 42 U.S.C. § 1988 is for proceedings in vindication of civil rights. Neither statute applies to Harris.